THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* M. L. SULLIVAN, Defendant.

City Court of Binghamton, January 3, 1930.

*John J. Cucci*, for the People.

*Lee, Levene & Verreau [Daniel J. McAvoy* of counsel], for the defendant.

HACKETT, J.  The defendant herein was brought before this court, charged with having violated one of the traffic ordinances of the city of Binghamton.  The defendant was charged under five separate informations with having violated section 10, article 4, of the Traffic Ordinances of the City of Binghamton, in that he did park a vehicle, to wit, an automobile, on Commercial avenue in a section thereof established by the commissioner of public safety as a no parking zone.  The separate informations charge the defendant with having violated said ordinance, once on November 16, 1929, twice on November 23, 1929, and twice on December

16, 1929. By consent of counsel, the defendant was tried on all of the informations at the same time. Prior to the taking of any testimony, the People moved to amend the informations, changing the section violated from section 10 of article 4 to section 8 of article 6 of the Traffic Ordinances of the City of Binghamton, which reads as follows:

## " ARTICLE VI

### " GENERAL PROVISIONS

" Section 8. In times of emergency or when it is deemed advisable in the interest of public safety, the Commissioner of Public Safety may, at his discretion, either through the police department or by signs placed or erected, close off streets, portions of streets, divert or regulate traffic and prohibit parking, stopping and unloading, as the occasion may require and all pedestrians, drivers of vehicles, including street cars, shall conform to these regulations."

The defendant, together with his brother, is engaged in the furniture and radio business at No. 132 State street, their place of business fronting on State street and extending back through with a rear entrance on Commercial avenue, their elevator being at the Commercial avenue entrance. Commercial avenue is a short street extending approximately north and south from Court street to Henry street in the city of Binghamton. The commissioner of public safety was sworn as a witness for the People and testified, in substance, that some time in 1928, he prohibited parking on Commercial avenue on account of congestion, on account of fire companies not being able to get in there, and on account of safety. At that time, and continuing down to the date of this trial, December 17, 1929, there was an ordinance of the common council of the city of Binghamton in full force and effect, designating Commercial avenue as a forty-minute parking zone from seven in the morning until seven in the evening. Among other things, the defendant contends that his trucks were not parked on the occasions specified in the informations herein, but were there for the purpose of being loaded and unloaded in the regular course of the defendant's business.

Section 8 of article 6 of the Traffic Ordinances of the city of Binghamton is a valid ordinance when properly interpreted. The commissioner of public safety has all of the authority vested in him by this ordinance, and was vested with the right of making Commercial avenue a no parking street at the time this action was taken, as at that time there was an emergency existing (the paving of State street) which required the commissioner in the

interest of public safety to assume the responsibility and regulate the traffic through Commercial avenue by prohibiting parking. However, this court holds that when the emergency ceased to exist, in continuing the no parking regulation in Commercial avenue in this city, the commissioner of public safety was acting without the scope of his authority, his duties being administrative only. The permanent designation of Commercial avenue as a no parking street is a legislative act requiring direct grant of power to the local authorities exercising it. The Legislature could have given this power to the commissioner of public safety (*Wilcox* v. *McClellan*, 185 N. Y. 9), but chose to give it to the common council (Second Class Cities Law, art. 4, § 30). The duties of the commissioner of public safety are set forth in section 131 of the Second Class Cities Law (as amd. by Laws of 1909, chap. 573). He has no legislative power.

Section 92 of article 6 of the Vehicle and Traffic Law (which became a law March 6, 1929, and took the place of section 22 of article 2 of the General Highway Traffic Law) provides that the local authorities in cities are empowered to make, enforce and maintain such additional reasonable ordinances, rules and regulations with respect to traffic as special local conditions may require, and to prescribe penalties therefor, provided proper notices of such regulations be posted conspicuously upon the streets to which such regulations apply. This court does not interpret this section of the law as giving to the commissioner of public safety any more power than that of administering the law as the legislative body, the common council, has provided in the ordinances duly enacted.

The complaints herein are, therefore, dismissed, and the defendant discharged.